IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLE PAULO,

          Plaintiff,

    v.

ONE WEST BANK, FSB,
MCCALLA RAYMER, LLC,

          Defendants.

CIVIL ACTION FILE NO.

1:13-CV-03695-WSD-JFK

## FINAL REPORT AND RECOMMENDATION

Plaintiff Carole Paulo filed this action in the Superior Court of Gwinnett County, Georgia, on October 8, 2013, against OneWest Bank FSB ("OneWest") in connection with a 2006 mortgage loan and Defendant's attempt to foreclose; the complaint seeks both rescission of the loan and damages in the amount of $74,950.  [Doc. 1, Exhibit ("Ex.") A ("Complaint")].[1]  Defendant OneWest removed the action to this court and filed motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.  [Doc. 1 ("Notice of Removal"); Docs.

---

[1]Unless otherwise stated, all citations are to the record and exhibits in Civil Action No. 1:13-cv-3695.

3, 10 (motions to dismiss)].  Plaintiff did not respond to the motions but filed an amended complaint.  [Doc. 16 ("Amd. Cmplt.")].

OneWest has filed a Rule 12(b)(6)motion to dismiss the amended complaint for failure to state a claim for which relief can be granted.  [Doc. 18].  Plaintiff responded [Doc. 20]; OneWest replied [Doc. 23] in support of its motion.  McCalla Raymer, LLC ("McCalla"), which was added as a defendant in the amended complaint, has also filed a Rule 12(b)(6) motion to dismiss the amended complaint [Doc. 21]; Plaintiff has not responded.  Defendants' motions [Docs. 3, 10, 18, 21] to dismiss the complaint and the amended complaint have been submitted to the undersigned for a report and recommendation.

An amended complaint "supersedes" and replaces an original complaint "unless the amended complaint 'specifically refers to or adopts' the initial complaint." Schreane v. Middlebrooks, 522 Fed. Appx. 845, 848 (11th Cir. 2013) (quoting Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982)).  Plaintiff's amended complaint does not refer to or adopt the initial complaint and, therefore, replaces the original complaint and is the "operative pleading" in the case.  Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir.

2

2007).  The court accordingly **RECOMMENDS** that OneWest's motions [Docs. 3, 10] to dismiss the original complaint be **DENIED AS MOOT**.

Because Plaintiff has not responded to McCalla's motion [Doc. 21], the motion is deemed unopposed.  <u>See</u> LR 7.1B, N.D. Ga.  Granting McCalla's motion based solely on Plaintiff's failure to respond is within the discretion of a district judge.  <u>See Magluta v. Samples</u>, 162 F.3d 662, 664-65 (11th Cir. 1998).  However, the undersigned will review the merits of the motion because courts have not as a general rule, automatically granted a motion to dismiss a complaint for failure to file a response when doing so would be dispositive of the litigation.  <u>See Tobias v. Georgia Dept. of Corrections</u>, 2009 WL 255632, at *1 (N.D. Ga. February 3, 2009); <u>Perkins v. St. John Fisher College</u>, 2006 WL 2728902, at *1 (W.D. Tex. July 21, 2006) (citing <u>Johnson v. Pettiford</u>, 442 F.3d 917, 918 (5th Cir. 2006)).  The motions remaining before the court are the motions [Docs. 18, 21] by OneWest and McCalla to dismiss the amended complaint.

## I.    Background Facts

The amended complaint in this action provides few facts pertaining to the underlying loan and the foreclosure by OneWest.  [Doc. 16].  However, the exhibits

attached to Defendants' motions to dismiss the amended complaint offer sufficient factual detail for this court to resolve the pending motions.[2]

On August 26, 2006, Plaintiff Carole Paulo executed a note in the original principal amount of $319,920 for a residential mortgage loan from Market Street Mortgage Corporation ("Market Street").  [Doc. 1, Exh. A ("Note")].  In connection with the loan, Plaintiff also executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Market Street and its successors and assigns, and granted MERS and its successors and assigns a first priority security

---

[2]When deciding a Rule 12(b)(6) motion, the court has discretion to determine whether to accept documents beyond the pleadings.  Rule 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d) (as amended 2009).  However, an exception to this rule occurs when documents central to the plaintiff's case are referred to in the complaint.  See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).  This court will, therefore, consider any such items in ruling on the motion to dismiss.  And "this Circuit and others have relaxed th[e] rule to allow the Court to take judicial notice, see Fed. R. Evid. 201, of certain documents attached to a motion to dismiss, without converting the motion to one for summary judgment.  These documents include public filings . . . [and] public records . . . ."  Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citations omitted). Accordingly, the court has taken judicial notice of the record from the state court contained in the notice of removal [Doc. 1] and the public records attached to the motions to dismiss.

4

interest with the power to sell the property, a second home, located at 1664 Water Springs Way, Dacula, Georgia 30019.  [Doc. 18, Exh. 1 ("Security Deed")].[3]

The Security Deed provides, in part, that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower."  [Id., ¶ 20].  MERS, acting as Market Street's nominee, sold, assigned and conveyed the "Security Deed, the property described therein, the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained" to OneWest on January 6, 2011. [Doc. 18, Ex. 2 ("Assignment")].[4]

Plaintiff began to wonder if, in making payments to OneWest, she was making payments to the proper entity and hired a consultant to perform a fraud examination which purportedly shows that the witnesses on the Assignment were "robo signers." [Amd. Complt. at 3-4].  Plaintiff apparently stopped making loan payments, and, with the loan in default, OneWest accelerated the debt and retained McCalla to initiate non-

---

[3]The Security Deed was recorded on October 10, 2006, at Deed Book 47110, Page 0702, of the Gwinnett County, Georgia, real property records.  [Id.].

[4]The Assignment was recorded on February 16, 2011, at Deed Book 50547, Page 0078, of the Gwinnett County, Georgia, real property records.  [Id.].

5

judicial foreclosure proceedings against the property securing the loan.  [Doc. 18 at 2-3].

Using a complaint that included claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.*, as well as state law claims, Plaintiff first sued only OneWest. [Complaint].  The state court record [Doc. 1-1] does not reflect that Plaintiff tried to stop the foreclosure sale.  And the property was sold at foreclosure on November 5, 2013.  [Doc. 18 at 2-3].

After OneWest removed the complaint based on the court's federal question and diversity jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Plaintiff amended the complaint to assert claims for unlawful foreclosure (Count I), wrongful foreclosure as a tort (Count II), equitable relief (Count III), against a dispossessory proceeding (Count IV), and for punitive damages (Count V) and attorney's fees (Count VI) and added McCalla, a Georgia entity, as a defendant.  [Amd. Cmplt.].

Additional facts will be set forth as necessary to the court's discussion of Defendants' Rule 12(b)(6) motions [Docs. 18, 21] to dismiss the amended complaint for failure to state a claim for which relief can be granted.

6

## II.   Standard of Law

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim.  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice

7

pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level[,]" i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). A court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not

decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law[,]" Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998), "when no construction of the factual allegations will support the cause of action," Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). See also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted). Nonetheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court has applied these standards in ruling on Defendants' motions to dismiss the amended complaint.

## III.   Discussion

Plaintiff's amended complaint appears to be an attempt to defeat the court's federal question and diversity jurisdiction, but Plaintiff has not filed a motion to remand.  In cases removed from state court to federal court, the district court "look[s] at the case at the time of removal to determine whether it has subject-matter jurisdiction.  Later changes to the pleadings do not impact the court's exercise of supplemental jurisdiction." Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (citations omitted).  Therefore, the amended complaint does not deprive the court of jurisdiction.

As argued by Defendants, Plaintiff's amended complaint does not comply with the pleading requirements in the Federal Rules of Civil Procedure.  [Docs. 18-1 at 4-5; 21-1 at 7-8].  Proper use of judicial resources and fairness to defendants who have to answer the complaint require that litigants, even those proceeding *pro se*, see Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), and those whose

10

complaints are removed from state court, <u>see</u> Fed. R. Civ. P. 81(c)(1), must comply with the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) provides in pertinent part that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . [E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." Fed. R. Civ. P. 10(b) (as amended 2007). "These rules work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what [she] is claiming and frame a responsive pleading [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." <u>Davis v. Coca-Cola Bottling Co. Consolidated</u>, 516 F.3d 955, 980 n.57 (11th Cir. 2008) (citations and internal quotation marks omitted).

Plaintiff's amended complaint does not comply with Fed. R. Civ. P. 10 because the claims are not set forth in numbered paragraphs limited to a single set of circumstances, and several theories for relief are alleged within some counts. The amended complaint also contains legal citations and legal arguments which have no

11

place in a complaint.  See Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) (citation omitted).  And the complaint contains few to no factual allegations and, instead, is based upon "conclusory allegations, unwarranted deductions of facts [and] legal conclusions masquerading as facts" which will not prevent dismissal" of the complaint.  Jaharis, 297 F.3d at 1188 (citations omitted).  As a result of these deficiencies, the amended complaint fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and, thus, does not comply with Fed. R. Civ. P. 8(a)(2).  This court has already dismissed an almost identical complaint in another case for failure to state a claim for which relief can be granted.  See Baker v. CitiMortgage, Inc., 2013 WL 4217433 (N.D. Ga. August 14, 2013).  And the court recommends that Plaintiff's complaint be dismissed for the reasons discussed below.

### A.    Unlawful Foreclosure Claim (Count I)

The unlawful foreclosure claim in Count I of Plaintiff's amended complaint is based on allegations that the Assignment of the Security Deed to OneWest was not properly "attested to" as required by O.C.G.A. §§ 44-2-14, 44-14-33 and 44-14-61 and that the Assignment was, therefore, defective.  [Amd. Cmplt. at 5-7].  "A plaintiff asserting a claim of wrongful [or unlawful] foreclosure must establish (1) a legal duty

12

owed to it by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained, and (4) damages." Canton Plaza. Inc. v. Regions Bank, Inc., 315 Ga. App. 303, 306, 732 S.E.2d 449, 454 (2012). Of the statutes cited by Plaintiff, O.C.G.A. §§ 44-14-33 and 44-14-61 provide that a deed to secure debt must be attested by an official witness and an additional witness, and O.C.G.A. § 44-14-64 provides that a transfer of a security deed must be attested to in the same manner.[5]  Plaintiff alleges that the witnesses to the Assignment were "robo-signers" and that the Assignment was therefore fraudulently executed and violates O.C.G.A. § 44-2-43.[6]  [Amd. Cmplt. at 4-7].  Plaintiff's conclusory allegations do not state a claim for which relief can be granted.

MERS' Assignment of the Security Deed to OneWest was signed by Brian Burnett and Suchan Murray as assistant secretaries of MERS and witnessed by an unofficial witness and a notary public.  [Doc. 18, Exh. 2].  Defendant OneWest argues

---

[5]Plaintiff similarly alleges that the Assignment did not comply with O.C.G.A. § 44-5-64 because it did not satisfy the attestation formalities prescribed by O.C.G.A. § 44-5-33.  [Amd Complt. at 10].

[6]The amended complaint cites O.C.G.A. § 44-2-40, but the statutory language quoted is from O.C.G.A. § 44-2-43 regarding punishment as a felony for certain acts of fraud, forgery, or theft in connection with the registration of title to land or an interest therein.

13

that the Assignment of the Security Deed thus complied with the attestation requirements in the statutes cited by Plaintiff.  The court agrees.  And Plaintiff's allegation that the Assignment was "robo-signed" does not state a claim for relief because "'there is no such cause of action in Georgia.'"  Wilson v. JP Morgan Chase Bank, N.A., 2012 WL 603595, at *4 (N.D. Ga. February 24, 2012) (quoting Reynolds v. JPMorgan Chase Bank N.A., 2011 WL 5835925, at *3 (M.D. Ga. November 21, 2011)); accord Bragg v. Bank of America, N.A., 2014 WL 2154190, at *3 n.5 (N.D. Ga. May 21, 2014).

In any event, even if, for the sake of argument, there was a defect in the execution of the Assignment, the Assignment is a contract, and Plaintiff "has no basis to contest the validity of the assignment"; "the proper party to bring a claim against MERS would be the other party to the assignment," OneWest.  Montgomery v. Bank of America, 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013) (citing O.C.G.A. § 9-2-20(a)).  Accord Holland v. Levy Premium Foodservice Ltd. Partnership, 469 Fed. Appx. 794, 797 (11th Cir. 2012) ("The mere fact that a third party would benefit from performance of an agreement is insufficient to permit that party to enforce the agreement. . . .  A third party only has standing to maintain a breach-of-contract action if it 'clearly appear[s] from the contract that it was intended for [the third party's]

14

benefit.'") (quoting <u>Haldi v. Piedmont Nephrology Assoc., P.C.</u>, 283 Ga. App. 321, 322-23, 641 S.E.2d 298, 300 (2007)).  Here, as in <u>Hall v. Bank of America, N.A.</u>, 2013 WL 1747916 (N.D. Ga. April 22, 2013), "Plaintiff was not a party to the Assignment or an intended third-party beneficiary of the Assignment" and, therefore, she cannot state a claim for relief by challenging the Assignment's validity or seeking recision of the contract.  <u>Id.</u>, at *2 (citing, *inter alia*, O.C.G.A. § 9-2-20(a)); <u>accord</u> <u>Handfield v. Wells Fargo Bank, N.A.</u>, 2013 WL 1501942, at *5 (N.D. Ga. January 23, 2013) (summarizing cases), <u>adopted at</u> 2013 WL 1501940 (N.D. Ga. March 6, 2013).

Plaintiff's allegation that OneWest as "Trustee for a mortgage backed security" did not hold both the Note and Security Deed and, therefore, was not a secured creditor and did not have the right to foreclose [Amd. Cmplt. at 10-11, 15] also fails to state a claim for relief.  In <u>You v. JP Morgan Chase Bank</u>, 293 Ga. 67, 743 S.E.2d 428 (2013), the Georgia Supreme Court answered "yes" to the question:

> Can the holder of a security deed be considered a secured creditor, such that the deed holder can initiate foreclosure proceedings on residential property *even if it does not also hold the note* or otherwise have any beneficial interest in the debt obligation underlying the deed?

<u>Id.</u> at 69, 743 S.E.2d at 430 (emphasis added).  That is, the current law in Georgia "does not require a party seeking to exercise a power of sale in a deed to secure debt

to hold, in addition to the deed, the promissory note evidencing the underlying debt." Id. at 67, 743 S.E.2d at 429.  Accord Fabre v. Bank of America Bank, N.A., 523 Fed. Appx. 661, 665 (11th Cir. 2013) ("Actual possession of the note is not required for a secured creditor seeking non-judicial foreclosure.") (citation omitted).  Because the record shows that OneWest held the Security Deed at the time of foreclosure, OneWest "had the authority to foreclose in accordance with the deed's power of sale."  Harris v. Chase Home Finance, LLC, 524 Fed. Appx. 590, 593 (11th Cir. 2013) (citing You, 293 Ga. at 74-75, 743 S.E.2d at 433-34).

And, even if the loan was securitized as alleged by Plaintiff, "[s]ecuritization and nondisclosure of securitization of a loan are not illegal acts."  Saniel v. Mortg. Elec. Regis. Sys., Inc., 2011 WL 778206, at *2 (D. Nev. March 1, 2011).  Accord Montoya v. Branch Banking & Trust Co., 2012 WL 826993, at *6 (N.D. Ga. March 9, 2012).  Securitization does "not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."  Searcy v. EMC Mortg. Corp., Civil Action No. 1:10-cv-0965, Order (N.D. Ga. September 30, 2012); accord Montoya, 2012 WL 826993, at *6. Securitization, like the assignment of the security deed, "does not affect whether the

16

power of sale contained in the security deed can be exercised; it merely affects who can exercise it." Davidson v. Mortg. Elec. Regis. Sys. Inc., 2012 WL 6971002, at *3 (N.D. Ga. May 7, 2012).

Plaintiff's claim that foreclosure was unlawful based on the notice of sale [Amd. Cmplt. 9-10] also fails to state a claim for relief. To the extent that Plaintiff alleges that the Assignment to OneWest was defective and that, because OneWest therefore was not the secured creditor, the notice did not comply with the requirements in O.C.G.A.§ 44-14-162.2, these allegations fail to state a claim for relief because, as just discussed, Plaintiff does not have standing to challenge the validity of the Assignment. And, "[h]aving expressly authorized MERS's involvement in the transaction and its right to assign the Deed, Plaintiff cannot challenge [OneWest's] authority to foreclose on this basis." Alexis v. Mortg. Elec. Regis. Sys. Inc., 2012 WL 716161, at *3 (N.D. Ga. March 5, 2012).

Moreover, the notice of foreclosure complied with O.C.G.A. § 44-14-162.2. The foreclosure notice statute requires that the notice "include the name, address, and telephone number of *the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor*." O.C.G.A. § 44-14-162.2(a)) (emphasis added). In You, the Georgia Supreme Court held that one need

17

look "no further than the plain language of the statute to determine whom the notice must name" and that:

> If that individual or entity [with full authority to amend and modify all terms of the mortgage] is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity is the note holder, then the note holder must be identified.  If that individual or entity is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that person or entity must be identified.  The statute requires no more and no less.

293 Ga. at 74-75, 743 S.E.2d at 433-34.  The notice of foreclosure sale at issue here identified OneWest, the loan servicer and the holder of the Security Deed, as the entity with "full authority to negotiate, amend and modify all terms of the mortgage with the debtor . . . on behalf of [ONEWEST] the owner" on the loan.  [Doc. 18, Ex. 3 ("Notice of Foreclosure") at 2].  The statute, O.C.G.A. § 44-14-162.2(a), requires "no more" than this.  <u>You</u>, 293 Ga. at 75, 743 S.E.2d at 434.  For these reasons, each theory alleged by Plaintiff in support of Count I for unlawful foreclosure fails to state a claim for relief, and the court therefore **RECOMMENDS** that Defendants' motions to dismiss the unlawful foreclosure claim in Count I of the amended complaint be **GRANTED**.

18

### B.        Wrongful Foreclosure as a Tort (Count II)

Plaintiff's second claim is that the foreclosure sale was not conducted fairly and in good faith as required by O.C.G.A. § 23-2-114 and that OneWest and McCalla are therefore liable for wrongful foreclosure as a tort.  (Count II).  The statute cited by Plaintiff, O.C.G.A. § 23-2-114, imposes a statutory duty "to exercise fairly and in good faith the power of sale in a deed to secure debt."  Clark v. West, 196 Ga. App. 456, 457, 395 S.E.2d 884, 886 (1990).  When the power of sale is not exercised fairly and in good faith, a debtor "may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure[.]"  Calhoun First Nat. Bank v. Dickens, 264 Ga. 285, 286, 443 S.E.2d 837, 838 (1994) (citing, *inter alia*, Clark, 196 Ga. App. at 457, 395 S.E.2d at 885); accord Davidson 2012 WL 6971002, at *5 (citing DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 448, 662 S.E.2d 141, 147 (2008)).  "That is, the injured party may not *both* set aside or cancel the foreclosure *and also* recover damages for the value of the property."  Clark, 196 Ga. App. at 456, 395 S.E.2d at 885 (emphasis in original).  "[P]unitive damages are awardable in wrongful foreclosure cases."  Joseph v. Federal Home Loan Mortg. Corp., 2012 WL 5429639, at *8 (N.D. Ga. November 6, 2012) (citing Clark, 196 Ga. App. at 457, 395 S.E.2d at 886).

AO 72A
(Rev.8/82)

Plaintiff alleges that "no Notice was sent to Plaintiff by the Secured Creditor . . . ." [Amd. Complt. at 13]. The duty created by O.C.G.A. § 23-2-114 is breached if the notice of the foreclosure sale is not in accordance with O.C.G.A. § 44-14-162. See Roylston v. Bank of America, N.A., 290 Ga. App. 556, 559, 660 S.E.2d 412, 417 (2008); Dickens, 264 Ga. at 286, 443 S.E.2d at 839. However, Plaintiff's claim that she did not receive proper notice of foreclosure is based on the same allegations -- that OneWest did not hold both the Note and Security Deed and, therefore, was not the secured creditor with authority to exercise the power of sale [see Amd. Complt. at 13-14] -- which, as discussed earlier, do not state a claim for relief under Georgia's current foreclosure laws. See You, 293 Ga. at 69, 74-75, 742 S.E.2d at 430, 433-34.

Finally, even if Plaintiff could otherwise state a wrongful foreclosure claim, her "[f]ailure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure." Coast v. Bank of New York Mellon Trust (N.Y.BMT), N.A., 2013 WL 5945085, at *5 (N.D. Ga. November 6, 2013). Accord Edward v. BAC Home Loans Servicing, L.P., 534 Fed. Appx. 888, 892 (11th Cir. 2013) ("Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan.") (citing Taylor, Bean &

20

Whitaker Mortg. Corp. v. Brown, 276 Ga. 848, 849-50, 583 S.E.2d 844, 846 (2003);

Crockett v. Oliver, 218 Ga. 620, 129 S.E.2d 806, 807-08 (1963)). The court therefore

**RECOMMENDS** that Defendants' motions to dismiss Plaintiff's claim for wrongful

foreclosure as a tort (Count II) be **GRANTED**

### C.    Dispossessory Proceeding (Count IV)

Plaintiff claims that a dispossessory proceeding brought against her violates her

rights under the United States Constitution and the First, Fifth, Seventh and Ninth

amendments to the Constitution.[7]  Plaintiff further alleges that she cannot be a tenant

at sufferance when she holds a warranty deed to the property and that Defendant

OneWest must show proof that it holds a "Special Warranty Deed legally executed"

which the court construes to be another allegation that the Assignment to OneWest was

defective.  [See Amd. Cmplt. at 16-17].

Plaintiff's conclusory allegations that her constitutional rights have been violated

by the dispossessory proceeding fail to state a claim for which relief can be granted.

See Jaharis, 297 F.3d at 1188 ("conclusory allegations, unwarranted deductions of facts

or legal conclusions masquerading as facts will not prevent dismissal" for failure to

---

[7]To the extent that Plaintiff challenges the dispossessory proceeding as a
violation of her constitutional rights, Count IV is not a state law claim.

21

state a claim for relief) (citations omitted).  And Plaintiff's claim that she cannot be dispossessed because she holds a warranty deed has no merit.  The Georgia Supreme Court has held numerous times that when a borrower (the grantor) executes a security deed, the grantee "has legal title to the property which will support an action in ejectment."  Todd v. Morgan, 215 Ga. 220, 222, 109 S.E.2d 803, 804 (1959) (citations omitted).  When Plaintiff executed the Security Deed, "[l]egal title passed . . . from [Plaintiff,]" and Plaintiff retained only "a mere equity of redemption and right of possession . . . until the secured debt has been satisfied in full."  McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132, 543 S.E.2d 755, 757 (2000) (citing, *inter alia*, O.C.G.A. § 44-14-60).

The court also cannot provide Plaintiff the relief she seeks from the dispossessory proceeding because the Anti-Injunction Act prevents federal courts from granting an injunction to stay proceedings in state court when Congress has not expressly authorized such action.  See Baker, 2013 WL 4217433, at *4 (citing 28 U.S.C. § 2283).  And, "[t]o the extent the relief Plaintiff seeks would require the Court to find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction . . . to do so."  Id.  For

22

these reasons, the court **RECOMMENDS** that Defendants' motions to dismiss the dispossessory claim (Count IV) be **GRANTED**.

### D.    Remaining Claims

If the District Court agrees with the undersigned's report and recommendation, Plaintiff is not a prevailing party on in Counts I, II and IV, and her claims will be dismissed.  With dismissal of her foreclosure and dispossessory claims, her claim for equitable relief (Count III) "also is required to be dismissed."  <u>Baker</u>, 2013 WL 4217433, at *5.  Plaintiff also is not entitled to punitive damages (Count IV).  <u>Id.</u> (citing O.C.G.A. § 51-12-5.1(b)).  "'[Punitive] damages cannot be awarded in the absence of any finding of compensatory damages.'"  <u>Martin v. Martin</u>, 267 Ga. App. 596, 597, 600 S.E.2d 682, 683 (2004) (citation omitted).  And Plaintiff who is not represented by counsel and is proceeding *pro se* cannot be awarded attorney's fees (Count VI).  <u>See</u> <u>Medrando v. CTX Mortg. Co., LLC</u>, 2012 WL 2931293, at *5 (M.D. Fla. July 18, 2012) ("'Plaintiff, proceeding *pro se*, cannot recover attorney's fees.'") (citation omitted).  The court therefore **RECOMMENDS** that Defendants' motions to dismiss Counts III, V, and VI be **GRANTED**.

23

## IV.   Conclusion

The court **RECOMMENDS** that Defendant OneWest's motions [Docs. 3, 10] to dismiss the original complaint in this action be **DENIED AS MOOT** because Plaintiff has filed an amended complaint.

The court **RECOMMENDS** that Defendants' motions [Docs. 18, 21] to dismiss the amended complaint [Doc. 16] be **GRANTED**.

Because Plaintiff has not requested another opportunity to amend the complaint, and allowing Plaintiff a third bite at the apple would result in unnecessarily prolonging this dispute, the court **RECOMMENDS** that the amended complaint be **DISMISSED WITH PREJUDICE**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 08-01 (N.D. Ga. June 12, 2008).  The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED THIS** 29th day of May, 2014.


JANET F. KING
UNITED STATES MAGISTRATE JUDGE

24