IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLE PAULO,

                Plaintiff,

v.                                        1:13-cv-3695-WSD

ONEWEST BANK, FSB, and
MCCALLA RAYMER, LLC,

                Defendants.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [25] ("R&R"), which recommends denying as moot OneWest Bank, FSB's ("OneWest") Motions to Dismiss [3, 10] Plaintiff Carole Paulo's ("Plaintiff") original Complaint. The R&R also recommends granting OneWest's and McCalla Raymer, LLC's ("McCalla") (together, "Defendants") Motions to Dismiss [18, 21] Plaintiff's Amended Complaint [16], and dismissing Plaintiff's claims with prejudice.[1]

---

[1] Citations are to the record in Civil Action No. 1:13-cv-3695. On November 8, 2013, OneWest filed two (2) notices of removal for Superior Court of Gwinnett County, Georgia, Action No. 13-A-08611-6, and they were docketed separately as Civil Action No. 1:13-cv-3695 and Civil Action No. 1:13-cv-3705. OneWest also filed, in both cases, the same motion to dismiss. On November 13, 2013, the Magistrate Judge, pursuant to Federal Rule of Civil Procedure 42(a),

I.   **BACKGROUND**[2]

On August 22, 2006, Plaintiff obtained a $319,920 loan from Market Street Mortgage Corporation ("Market Street") to purchase her home in Dacula, Georgia (the "Property"). Repayment of the loan was secured by a deed ("Security Deed") to the Property. Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for [Market Street] and [Market Street's] successors and assigns) and the successors and assigns of MERS, with power of sale, the [Property]." (Compl. Ex. C).

---

directed the Clerk to consolidate Civil Action No. 1:13-cv-3705 with Civil Action No. 13-cv-3695. OneWest's notice of removal and motion to dismiss, filed in Civil Action No. 1:13-cv-3705, were re-docketed as [8, 10] in Civil Action No. 1:13-cv-3695, and are identical to OneWest's notice of removal and motion to dismiss [1, 3] filed in Civil Action No. 1:13-cv-3695 before consolidation.

Because Plaintiff filed in the consolidated action her Amended Complaint, OneWest's Motions to Dismiss [3, 10] Plaintiff's original Complaint are denied as moot. See Sheppard v. Bank of Am., NA, No. 1:11-CV-4472-TWT, 2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012); Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case.").

[2]   The facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

On January 6, 2011, MERS, on behalf of Market Street, assigned all of Market Street's rights, title, and interest in the Security Deed to OneWest (the "Assignment").³

On October 8, 2013, Plaintiff, proceeding *pro se*, filed her Complaint against OneWest in the Superior Court of Gwinnett County, Georgia, asserting claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and state law claims for invalid assignment, wrongful foreclosure, and fraud. Plaintiff sought rescission of the loan and damages in the amount of $74,950.

On November 5, 2013, due to Plaintiff's default on her loan obligations and pursuant to the terms of the Security Deed, McCalla, on behalf of OneWest, foreclosed on the Property and sold it at a foreclosure sale.

---

³ OneWest attached to its Motion to Dismiss the Amended Complaint a copy of the Assignment [18.2]. This document is a matter of public record and the Court may consider it. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records).

On November 8, 2013, OneWest removed the Gwinnett County Action to this Court based on federal question and diversity jurisdiction and moved to dismiss Plaintiff's Complaint for failure to state a claim.

On November 18, 2013, Plaintiff filed an Amended Complaint [16], seeking to add McCalla as an additional defendant to this action. Plaintiff asserts claims for: (i) Unlawful Foreclosure; (ii) Wrongful Foreclosure as a Tort; (iii) Equitable Relief; (iv) Dispossess [sic] Proceedings; (v) Punitive Damages (Count Five); and (vi) Attorneys Fees.[4]

On November 25, 2013, OneWest filed its Motion to Dismiss the Amended Complaint [18] for failure to state a claim.

On December 20, 2013, McCalla filed its Motion to Dismiss the Amended Complaint [21] for failure to state a claim.

On May 29, 2014, Magistrate Judge King issued her R&R, recommending that OneWest's Motion to Dismiss Plaintiff's original Complaint be denied as moot, that Defendants' Motions to Dismiss Plaintiff's Amended Complaint be granted, and that Plaintiff's claims be dismissed with prejudice.

The parties have not objected to the R&R.

---

[4]  Plaintiff appears to have abandoned the claims in her original Complaint.

4

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). The parties have not objected, or otherwise responded to, the R&R and the Court thus conducts a plain error review of the record.

2.  Motion to Dismiss for Failure to State a Claim

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

Plaintiff's Amended Complaint is a variation of form complaints filed by persons seeking to avoid or delay foreclosure.  See, e.g., Baker v. CitiMortgage, No. 1:13-cv-477-WSD; Gordon v. Bank of Am., No. 1:13-cv-3864-CC; Sullivan v. CitiMortgage, No. 1:13-cv-591-CAP; Vos v. CitiMortgage, No. 1:13-cv-957-JEC.

The Court finds no plain error in the Magistrate Judge's finding that Plaintiff's Amended Complaint is devoid of any meaningful facts and her vague, conclusory allegations are not sufficient to support a claim for relief.  The Court also finds no plain error in the Magistrate Judge's finding that Plaintiff's Amended Complaint is an impermissible "shotgun pleading" that fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, and dismissal is warranted on this basis alone.  See, e.g., Osahar, 297 F. App'x at 864; Maldonado v. Snead, 168 F. App'x 373, 377 (11th Cir. 2006); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

The Magistrate Judge also found that Plaintiff's Amended Complaint does not comply with the pleading requirements of Rule 10(b) of the Federal Rules of Civil Procedure, which provides that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count."  Fed. R. Civ. P. 10(b).  A party that combines several claims for relief in a single count disregards these rules governing the presentation of claims.  Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996).  The Magistrate Judge

concluded that dismissal is warranted for this additional reason, and the Court finds no plain error in this finding.

        1.    <u>"Unlawful Foreclosure" and "Wrongful Foreclosure as a Tort"</u>

In support of her argument that Defendants wrongfully foreclosed on the Property, Plaintiff asserts in her Amended Complaint that: (1) the documents recorded by OneWest were not properly attested to, in violation of O.C.G.A. §§ 44-14-33, 61, and 64; (2) notice of the foreclosure sale was not given pursuant to O.C.G.A. § 44-14-162.2; (3) OneWest did not hold both the Note and Security Instrument; and (4) the sale was not conducted fairly and in good faith pursuant to O.C.G.A § 23-2-114.

To support a claim for wrongful foreclosure under Georgia law, a plaintiff must establish: (1) the foreclosing party owes a legal duty to the plaintiff; (2) breach of that duty; (3) a causal connection between the breach of that duty and the injury sustained; and (4) damages. <u>All Fleet Refinishing, Inc. v. West Georgia Nat'l Bank</u>, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." <u>DeGoyler v. Green Tree Serv., LLC</u>, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) (quoting <u>Brown v. Freedman</u>, 474 S.E. 2d 73, 75 (Ga. Ct. App. 1996)).

The Magistrate Judge found that Plaintiff cannot state a claim for wrongful foreclosure because Plaintiff does not allege, and it does not appear, that she is current on her loan obligations and Plaintiff has not tendered the amount due under her loan.  Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure.  See Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale).  The Magistrate Judge found that Plaintiff's claim for wrongful foreclosure is required to be dismissed, and the Court finds no plain error in this finding.

Plaintiff argues that the Assignment is defective or fraudulent.  The Magistrate Judge found that Plaintiff is not a party to the Assignment and therefore she does not have standing to challenge its validity.  See Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he

was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a), which provides that an action based on a contract can be brought only by a party to the contract); Edward v. BAC Home Loans Serv., L.P., No. 12-15487, 2013 WL 4400102, at *2 (11th Cir. Aug. 16, 2013) (citing Montgomery).  The Magistrate Judge found that Plaintiff cannot state a claim based on perceived defects in the Assignment, and the Court finds no plain error in this finding.

Even if Plaintiff had standing to challenge the Assignment, to the extent Plaintiff argues that the Assignment is not valid because it was signed by alleged "robosigners," this argument has been repeatedly rejected by the Eleventh Circuit and this Court.  See Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-cv-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (no cause of action for "robo-signing" in Georgia).  The Magistrate Judge found that Plaintiff's allegation that the Assignment was "robo-signed" does not state a claim for relief, and the Court finds no plain error in this finding.

The Magistrate Judge also found that the Assignment was properly executed because it was signed by Brian Burnett and Suchan Murray as assistant secretaries of MERS, and witnessed by an unofficial witness and a notary public.  See, e.g., O.C.G.A. § 44-14-61 (deeds to secure debt shall be attested as required for mortgages); id. § 44-14-64 (transfer of security deed shall be witnessed as required

for deeds); id. § 44-14-33 (in the case of real property, mortgage must be attested by an official witness and additional witness); id. § 44-2-21 (deed executed outside of Georgia must be attested by two witnesses, one of whom may be a notary public). The Magistrate Judge found that Plaintiff fails to state a claim for wrongful foreclosure based on the alleged improper execution of the Assignment, and the Court finds no plain error in this finding.

Plaintiff also asserts that OneWest wrongfully foreclosed on the Property because it is not the "secured creditor" and is not the holder of Plaintiff's promissory note. The Supreme Court of Georgia has expressly rejected this argument and held that "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." You v. JP Morgan Chase Bank, 743 S.E.2d 428, 433 (Ga. 2013); see also Harris v. Chase Home Fin., LLC, 524 F. App'x 590 (11th Cir. 2013) (applying You). The Magistrate Judge found that Plaintiff's assertion that OneWest did not hold both Plaintiff's promissory note and the Security Deed, and was therefore not a secured creditor and did not have the right to foreclose,

fails to state a claim for relief.[5] The Magistrate Judge found further that, because it was based on the same allegations—that the Assignment was not valid and that OneWest lacked authority to foreclose on the Property—Plaintiff failed state a claim for relief based on alleged defects in the notice of foreclosure sale.[6] The Magistrate Judge found that Plaintiff fails to state a claim for "Unlawful Foreclosure" or "Wrongful Foreclosure as a Tort" under any of the legal theories asserted in Plaintiff's Amended Complaint, and recommended that these claims be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure. The Court finds no plain error in the Magistrate Judge's findings or recommendations.

2. "Dispossess [sic] Proceedings"

Although largely incomprehensible, in Count Four, Plaintiff seems to assert that the dispossessory proceeding brought against her was unconstitutional, and she

---

[5] The Magistrate Judge also found that, to the extent Plaintiff asserts that her mortgage was improperly securitized, securitization "would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure." See Searcy v. EMC Mortg. Corp., No. 1:10-cv-0965, 2010 Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30, 2010). The Magistrate Judge found that Plaintiff's allegation of improper securitization does not state a claim for relief, and the Court finds no plain error in this finding.

[6] The Magistrate Judge also correctly noted that, to the extent Plaintiff asserts that the notice of foreclosure sale was defective because it did not identify the secured creditor, O.C.G.A. § 44-14-162.2 requires only that the notice of foreclosure sale identify the individual or entity with the full authority to negotiate, amend, and modify all terms of the mortgage with the debtor. See You, 743 S.E.2d at 434.

13

seeks to enjoin or set aside the state court dispossessory proceedings. The Magistrate Judge found that the Court cannot provide Plaintiff the relief she seeks because, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Magistrate Judge also concluded that Plaintiff seeks relief that would require the Court to find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, and that the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Federal district courts "generally lack jurisdiction to review a final state court decision." Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). The Magistrate Judge recommended that this claim for dismissed, and the Court finds no plain error in the Magistrate Judge's findings or recommendation.[7]

---

[7] To the extent Plaintiff also seeks monetary or other relief for this claim, the Magistrate Judge found that Plaintiff's conclusory allegations that an unspecified dispossessory proceeding violated her constitutional rights fail to support a claim for relief, and that her claim that she cannot be evicted from the Property because she holds a warranty deed, is meritless. The Court finds no plain error in these findings. See Am. Dental, 605 F.3d at 1290 (11th Cir. 2010) (construing Iqbal, 556 U.S. 662) (the Court is not required to accept as true conclusory allegations

3.     Remaining Claims

Plaintiff also asserts a separate claim for "equitable relief" to set aside the foreclosure sale.  The Magistrate Judge found that, because Plaintiff fails to allege a viable claim for wrongful foreclosure, her claim for equitable relief also is required to be dismissed.  The Court finds no plain error in this finding.

The Magistrate Judge also found that Plaintiff is not entitled to an award of punitive damages because she fails to state any claims upon which relief may be granted.  See O.C.G.A. § 51-12-5.1(b);[8] Martin v. Martin, 600 S.E.2d 682, 683 (Ga. Ct. App. 2004) ("Punitive damages cannot be awarded in the absence of any finding of compensatory damages.").  The Court finds no plain error in this finding.

The Magistrate found further that Plaintiff also is not entitled to an award of

---

and legal conclusions); Todd v. Morgan, 109 S.E.2d 809, 804 (Ga. 1959) (citations omitted) (holding that when a borrower (the grantor) executes a security deed, the grantee "has legal title to the property which will support an action in ejectment"); McCarter v. Bankers Trust Co., 543 S.E.2d 755, 757 (Ga. Ct. App. 2000) (citing, among others, O.C.G.A. § 44-14-60) ("Legal title passed . . . from [plaintiff] when the deed to secure debt was created, and [plaintiff] has a mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full.").  Plaintiff's claim for "dispossess [sic] proceedings" is dismissed for these additional reasons.

[8]     "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."  O.C.G.A. § 51-12-5.1(b).

15

attorney's fees because she is proceeding *pro se*.  See Medrando v. CTX Mortg. Co., LLC, No. 6:12-cv-704, 2012 WL 2931293, at *5 (M.D. Fla. July 18, 2012) (citation omitted).  The Court finds no plain error in this finding.[9]

The Magistrate Judge also recommended that Plaintiff's claims be dismissed with prejudice because Plaintiff has not requested another opportunity to amend the Complaint, and allowing Plaintiff a third bite at the apple would result in unnecessarily prolonging this dispute.  See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.").  The Court finds no plain error in the Magistrate Judge's findings or recommendation.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that OneWest's Motions to Dismiss [3,10] Plaintiff's original Complaint are **DENIED AS MOOT.**

---

[9]   Plaintiff also is not entitled to an award of attorney's fees because she is not a prevailing party and her claims have been dismissed.  See Fed. R. Civ. P. 54; Amstead v. McFarland, 650 S.E.2d 737 (Ga. Ct. App. 2007) (attorney's fees not available where general damages not awarded).

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [25] is **ADOPTED**. Defendants' Motions to Dismiss [18, 21] Plaintiff's Amended Complaint are **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 18th day of July, 2014.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE